Mr. Justice Hunt
delivered the opinion of the court:
On the 25th of June, 1868, Congress passed an act (15 Scat. L., 77,) declaring “ that eight hours shall constitute a day’s work for all laborers, workmen, and mechanics now employed, or who may hereafter be employed, by or on behalf of the Government of the United States.” (Rev. Stat., § 3738.)
This was a direction by Congress to the officers and agents of the United States, establishing the principle to be observed in the labor of those engaged in its service. If prescribed the *96 length of time which should amount to a day’s work when no special agreement was made upon the subject. There are several things which the act does not regulate which it may be worth while to notice.
First. It does not establish the price to be paid for a day's work. Skilled labor necessarily commands a higher price than mere manual labor, and whether wages are high or low depends chiefly upon the inquiry whether those having labor to bestow are more numerous than those who desire the service of the laborer. The English statute-books are full of assizes of bread and ale, commencing as early as the reign of Henry II, and regulations of labor, and many such are to be found in the statutes of the several States. It is stated*by Adam Smith, as the law in his day, that in Sheffield no master-cutter, or weaver, or hatter could have more than two apprentices at a time, and so lately as the 8 Geo. Ill, and which remained unrepealed until 1825, an act was passed prohibiting under severe penalties all master-tailors in London, or within fivp miles of it, from giving, or their workmen from accepting, more than two shillings sevenpence halfpenny a day, except in the case of general mourning. (Smith’s Wealth of Nations, 125,6th Oxford ed. of 1869.) A different theory is now almost universally adopted. Principals, so far as the law can give the power, are entitled to employ as many workmen and of whatever degree of skill and at whatever price they think fit, and, except in some special cases, as of children or orphans, the hours of labor and the price to be paid are left to the determination of the parties interested. The statute of the United States does not interfere with this principle. It does not specify any sum which shall be paid for the labor of eight hours, nor that the price shall be more when the hours are greater, or less when the hours are fewer. It is silent as to everything except the direction to its officers that eight hours shall constitute a day’s work for a laborer.
Second. The statute does not provide that the employer and the laborer may not agree with each other as to what time shall constitute a day’s work. There are some branches,of labor, connected with furnaces, founderies, steam or gas works, where the labor and the exposure of eight hours a day would soon exhaust the strength of a laborer, and render him permanently an invalid. The Government officer is not prohibited from knowing these facts,'nor from agreeing when it is proper that a less *97 number of hours than eight shall be accepted as a day’s work. Nor does the statute intend that where out-of-door labor in the long days of summer may be offered for twelve hours at a uniform price the officer may not so contract with a consenting laborer.
We regard the statute chiefly as in the nature of a direction from a principal to his agent that eight hours is deemed to be «a proper length of time for a day’s labor, and that his contracts shall be based upon that theory. It is a matter between the principal and his agent, in which a third party has no interest. The proclamation of the President and the act of 1872 are in harmony with this view of the statute.
We are of the opinion, therefore, that contracts fixing or giving a different length of time as a day’s work are legal and binding upon the parties making them.
In the case before us the claimant continued his work after understanding that eight hours would not be accepted as a day’s labor, but that he must work twelve hours, as he had done before. He received his pay of $2.50 a day for the work of twelve hours a day as a calendar day’s work, during the period in question, without protest or objection.' At that time ordinary laborers under the same Government received but $1.75 per day at the same place, and those engaged in the same department with the claimant in a private establishment, at the same place, received but $2 for a day’s work of twelve hours, and the finding adds, “they had more work to do than the claimant had while similarly employed.” The claimant’s contract was a voluntary and a reasonable one, by which he must now be bound.
In 1873 the claimant applied for the same arrears of pay as are here in question, and received from the Auditor an award of $205.63. That amount was paid to the claimant, and he receipted in writing in full for the account. This has often been held in this court to be a bar to any further claim. (United States v. Justice, 14 Wal., 535; United States v. Child, 12 ib., 232.)
These principles require a reversal of the judgment of the Court of Claims. The case is remanded to the Court of Claims with directions that the petition of the claimant be dismissed.